## ZOLIEWSKI *v.* NEW YORK CENTRAL, ETC., R. CO.

### (Superior Court of Buffalo — General Term, January, 1893.)

In an action to recover for killing plaintiff's intestate at a street crossing of defendant's railroad, it appeared that defendant's locomotive engine was running backwards at a rapid rate of speed through a city at an early hour in the morning while it was quite dark, without having a light upon the rear end, or giving any signal of its approach other than the noise attendant upon its running. *Held*, that the court was authorized to submit, and the jury to find, that defendant was negligent in the operation and management of the engine.

It also appeared, that plaintiff's intestate, in company with another man, approached the crossing, with which he was familiar, on foot, crossed two tracks in safety, and he was killed upon the third track. Before entering upon and crossing each track, observation was made. The evidence was conflicting as to the distance objects could be discerned ranging from three to two hundred feet. *Held*, that whether deceased looked and listened, or whether, if he exercised due care in the circumstances, he ought to have seen the approaching engine, was properly submitted to the jury.

APPEAL from a judgment entered upon the verdict of a jury and from an order denying defendant's motion for a new trial made upon a case and exceptions.

*Edward T. Durand* (*William Armstrong*, of counsel), for plaintiff (respondent).

*Ashbel Green* (*Charles A. Pooley*, of counsel), for defendant (appellant).

HATCH, J. The evidence in this case tended to establish that the agents of defendant caused to be run backwards, at a rapid rate of speed, a locomotive engine over and upon its tracks crossing a public street in the city of Buffalo, at an early hour in the morning, when it was quite dark, without at the time exhibiting any light upon its rear end, or giving any signal by bell, or whistle, or otherwise, of its approach beyond the noise attendant upon its running. This authorized the court to submit, and the jury to find, negligence in the management and operation of the engine by defendant. It only

remains to be seen if the deceased was guilty of any act of negligence upon his part. Upon this subject the evidence was to the effect that deceased, in company with another man, approached the crossing, with which he was familiar, on foot; three tracks of defendant crossed the street; two tracks were passed in safety, and upon the third deceased was killed. Before entering upon and before crossing each track, observation was made.

There was a conflict of testimony as to the distance objects could be discerned, ranging from three to two hundred feet. The testimony of deceased's companion tended to show that both he and deceased looked and listened before attempting to cross the track upon which they were struck, saw nothing and heard nothing from the engine. A man, about three feet in front of deceased, passing along the street in the same direction, testified that he first saw the engine when it was about three feet away, and on cross-examination that he first saw it twelve to fifteen feet away. Other witnesses state that they saw deceased, when struck, from a distance of twenty to sixty feet away, and that they could see the engine for that distance. Others testified that objects were visible 200 feet away.

Upon this testimony the court submitted the question of due care upon deceased's part to the jury, whether he looked and listened for the engine, or whether, if he exercised due care under all the circumstances, he ought to have seen the approaching engine. The charge was quite as favorable to defendant as it was entitled; no complaints were made or exceptions taken by its counsel thereto. I think the case, under all the evidence, was properly submitted. The evidence justified the jury, as before observed, in finding absence of care by the defendant, whether, under the existing darkness, deceased could distinguish the engine, or if able to do that, he could distinguish its unlighted end, and determine upon the instant that it was about to cross the street, I think were questions for the jury. It is quite possible that under the darkened light an object could be discerned some feet away, but whether distinctly or not is not certain, or whether it was at the time

stationary or in motion, might be difficult of determination, while the deceased was required to act at once. It seems, therefore, that whether he acted as a prudent and careful person would act under the circumstances, was a question of fact. Criticism of the testimony by defendant was proper for the consideration of a jury, and is not improper here, yet, upon this record, the court would not be justified in disregarding it. An examination of the exceptions to the admission of testimony has been had, but no substantial error is found therein. The judgment and order appealed from is, therefore, affirmed, with costs.

WHITE, J., concurs.

Judgment and order affirmed.